IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES JOHNSON,

Plaintiff,

v.                              CASE NO. 08-3230-SAC

CORRECTIONS CORPORATION
OF AMERICA, et al.,

Defendants.

O R D E R

This civil complaint was filed under 42 U.S.C. § 1983 by an inmate of the Leavenworth Detention Center in Leavenworth, Kansas (LDC), which is a private prison operated by the Corrections Corporation of America (CCA). Plaintiff alleges he is detained in the custody of the United States Marshal Service. Plaintiff names as defendants the CCA and employees at the LDC/CCA: Fredric Lawrence, former Warden; Sheldon Richardson, current Warden; Robert Mundt, Assistant Warden; Ken Daugherty, Chief of Unit Management; Bruce Roberts, Chief of Security; George Green, Lieutenant in charge of segregation; Melanie Fulton, in charge of commissary, warehouse and laundry; and Mike Shute, the "head U.S. Marshal" in Kansas. Defendants are sued in their individual and official capacities. Mr. Johnson complains of numerous and various events and conditions at the CCA. He asserts that his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments have been violated. He has filed a motion for a preliminary injunction. Aside from the relief sought in that motion, he asks the court to declare that the acts and omissions described in his complaint violated his constitutional rights, and award compensatory and punitive damages as well as

litigation costs.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has presented an affidavit, but has not provided a copy of his inmate account statement for the six-month period as required by statute. His motion may be denied if he does not submit this document required to support the motion. Mr. Johnson will be given time to provide the necessary documentation in support of his motion, or pay the full filing fee of $350.00. If he does not satisfy the filing fee requirements in one of these two ways within the time allotted, his motion may be denied and this action may be dismissed.

## SCREENING

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed and that an Amended Complaint must be filed for reasons

that follow.

**NO STATE ACTION**

The court finds from the face of the complaint that plaintiff fails to present a cause of action under 42 U.S.C. § 1983. "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); *citing* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Plaintiff names the CCA as a defendant in this action; however, the CCA is not a "person" amenable to suit under § 1983[1]. Moreover, employees of the CCA at the LDC are not state actors or state employees, and therefore do not act "under color of state law[2]." See Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982)(decisions of physicians of privately owned and operated nursing home to transfer Medicaid patients not state action). A United States Marshal is a federal, rather than a state, agent and

---

[1]     The CCA is a private contractor employed by an agency of the United States, usually the United States Marshals Service or the Federal Bureau of Prisons, to house its federal prisoners.

[2]     The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." West, 487 U.S. at 42; Polk County v. Dodson, 454 U.S. 312 (1981). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49; Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1208 (10th Cir. 2005), cert. denied, 547 U.S. 1111 (2006).

does not act under color of state law.  It follows that plaintiff does not state a cause of action under 42 U.S.C. § 1983 against the defendant CCA, its employees, or U.S. Marshal Shute.

## BIVENS ACTION

Nor has plaintiff alleged sufficient facts to establish a cause of action against CCA employees under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971).  <u>Bivens</u> held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. §1983."  <u>Id</u>.; <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations).  However, the proper defendant in a <u>Bivens</u> action is a federal official or agent. <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001); <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1101 (10th Cir. 2005)("[T]here is no implied private right of action for damages under <u>Bivens</u> against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes[3] of action for damages are available to the plaintiff."); <u>Lindsey v. Bowlin</u>, 557 F.Supp.2d 1225, 1230 (D.Kan. 2008)(same).  It has not been established at this stage of the proceedings that the

---

[3]     Kansas law has been found to provide a negligence remedy against CCA employees for injuries arising from Eighth Amendment violations.  <u>See</u> <u>Peoples</u>, 422 F.3d at 1103.  However, plaintiff's assertion of <u>Bivens</u> in this case hinges upon whether or not Kansas law provides a remedy for his claimed injuries.  <u>Id</u>.

defendant employees of the CCA acted herein as federal agents[4] or that state law does not provide an alternative remedy.  U.S. Marshal Shute is the only named defendant who clearly is a federal agent, and therefore unquestionably subject to suit under <u>Bivens</u>[5].

## FAILURE TO STATE FEDERAL CONSTITUTIONAL VIOLATION

Even if plaintiff is allowed to proceed under <u>Bivens</u> against defendant CCA employees as well as Marshal Shute, his complaints regarding their actions or inactions are either conclusory or the facts alleged fail to state a federal constitutional violation.  A pro se complaint must be given a liberal construction.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>see</u> <u>Jackson v. Integra Inc.</u>, 952 F.2d 1260, 1261 (10th Cir. 1991).  However, the court cannot assume the role of advocate for the pro se litigant, and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Moreover, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)(Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief

---

[4]     If defendant CCA employees were shown to have acted as federal agents, they could not be sued in their official capacities under <u>Bivens</u>, based on sovereign immunity principles.     <u>Bivens</u> actions may proceed against federal officials in their individual capacities only.

[5]     However, plaintiff does not allege facts demonstrating that defendant Shute personally participated in any of the alleged deprivations.  <u>See</u> <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1400 (10th Cir. 1992).  Plaintiff's bald statements that Shute was responsible for violations are insufficient without facts demonstrating personal involvement by Shute.  Moreover, defendant Shute may only be sued under <u>Bivens</u> in his individual capacity.

can be based.); see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Id.

The court finds that most of plaintiff's allegations are vague and conclusory. In order to state a claim for relief, a plaintiff must provide the date(s) an incident occurred or condition existed, describe the incident or condition, name the prison employee or employees directly involved and describe their causal actions, and explain how he was personally injured. Here, plaintiff has filed a hodgepodge of mostly general complaints and frequently fails to name the persons involved in, or even describe, any underlying incident[6]. Plaintiff will be given the opportunity to file an Amended Complaint including additional facts to support his claims.

**IMPROPER JOINDER OF CLAIMS AND PARTIES**

The court further finds that plaintiff appears to have improperly joined multiple parties and unrelated claims in this action. The Federal Rules of Civil Procedure (FRCP) apply to suits brought by prisoners. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The court may insist upon a prisoner's compliance with the rules. See McNeil v. United States, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel). FRCP Rule 20(a)(2) governs permissive

---

[6]   For example, Mr. Johnson claims he was accused of hoarding medication, but does not state if he was written up for this offense, who accused him, when this event occurred, or what injury he sustained.

joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action
> as defendants if: (A) any right to relief is asserted
> against them jointly, severally, or in the alternative
> with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants
> will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted). The Court of Appeals for the Seventh Circuit held in George, that under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607 (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligations[7] and the

---

[7]     28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

three strikes provisions[8] of the Prison Litigation Reform Act.  <u>Id</u>. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Applying the reasoning in <u>George</u> here, this court determines that plaintiff's complaint violates FRCP Rule 20(a)(2) because it names multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law.  The court also determines that the complaint violates FRCP Rule 18(a) because it contains claims not related to others against different defendants.  To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions[9].  It might also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g).  In sum, under Rule 18(a), the plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring

---

[8]     28 U.S.C. § 1915(g) provides:  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

[9]     Non-prisoner and prisoner litigants alike should not be allowed to combine their unrelated claims against different defendants into a single lawsuit simply to avoid paying another filing fee in a separate lawsuit.  Every litigant is required to responsibly weigh and individually bear, when possible, the costs of his or her decision to pursue litigation of disputes in federal court.

multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not at all clear from the complaint that plaintiff's multiple claims involve all named defendants or that his claims against all defendants arise from the same transaction or occurrence and involve common questions of law or fact. Thus, it is not clear that his joinder of all named defendants and all asserted claims into this single complaint is proper. Plaintiff will be required to file an Amended Complaint stating only those claims he has against a single defendant or, if he again names multiple defendants, stating only those claims arising from the same transaction or occurrence and having common questions of fact or law.[10]

## FAILURE TO ALLEGE PERSONAL PARTICIPATION

Finally, the court finds that plaintiff fails to allege facts showing the personal participation of each and every defendant. As noted, Mr. Johnson's long list of complaints includes few references to specific acts or inactions. He often fails to name any particular defendant and describe that individual's direct participation in an unconstitutional act or inaction. An individual defendant may not be held liable for a constitutional violation unless facts are alleged showing that person's direct, personal participation in the acts or inactions upon which the complaint is based. Nor may a defendant prison official be held liable based

---

[10]    Plaintiff will have to decide which properly-joined defendants and claims to include in his Amended Complaint filed herein.  Any claims or defendants that cannot be properly joined in his Amended Complaint are not lost, but may only be raised and named in separate complaints submitted to be filed as new actions.

solely upon his or her supervisory capacity.  Mr. Johnson's general references to several defendants as "legally responsible" for inmates' welfare or for overall operations are insufficient to establish personal participation or individual liability.

The court proceeds to attempt to discuss each of plaintiff's multiple claims and point out the foregoing and other deficiencies.

## FALSE ACCUSATIONS OF MISCONDUCT

Plaintiff alleges that on January 28, 2008, defendant Lieutenant Green accused him and two cell mates, one named Mr. Uman, of stealing the segregation camcorder[11]; placed plaintiff on "strip cell status;" and Green and Daugherty told him he would not be released until the camcorder was returned.  Plaintiff further alleges that Uman's attorney retrieved the camcorder and was to negotiate its return in exchange for no write-ups or charges and reinstatement of full privileges[12].  Plaintiff implies that inmate Uman admitted taking the camcorder, but plaintiff was punished, harassed, and retaliated against by defendants Green, Daugherty, and Roberts for "approximately 1 month" for Uman's and Uman's attorney's actions.

Even accepting the few facts alleged against defendants Green and Daugherty as true, the court finds they utterly fail to evince a federal constitutional violation.  Plaintiff states he was not charged with a disciplinary infraction as a result of this incident.

---

[11]     Plaintiff refers to this item by several different names, but the court refers to it as the segregation camcorder, or camcorder.

[12]     The attorney apparently gave the camcorder to defendant U.S. Marshal Shute, which plaintiff claims made defendants Green and Daugherty "furious" and plaintiff's punishment worse, and delayed its return to the CCA.

Prison officials are not required to hold a hearing each time they place an inmate in administrative segregation. Plaintiff's claims of punishment, harassment, and retaliation are not supported by any factual allegations whatsoever.

Plaintiff describes no acts by defendants other than Green and Daugherty in connection with this incident. Nor does this incident appear to relate to all of plaintiff's other claims against the other defendants. Thus, this claim may not be litigated in the same complaint as plaintiff's other unrelated claims against other defendants.

Plaintiff additionally claims he has been "falsely accused of having contraband" on several occasions, damaging property, and flooding cells, when other inmates were guilty instead; and that he was placed in a strip cell "different times." He also alleges that he "filed a motion to transfer to a different facility," and "the officers" lied "in a memorandum to the court" saying he had broken sprinkler heads and stolen the camcorder, even though he was never written up for such misconduct. In addition, he alleges he was wrongfully accused of hoarding his medication.

Plaintiff does not name any defendant and describe his or her personal involvement in these other accusations[13]. Moreover, his conclusory statements, without providing dates and other details are insufficient to support a federal constitutional claim. He does not allege that disciplinary hearings or sanctions resulted. No federal constitutional violation is presented by prison employees making

---

[13]     When plaintiff does not name a defendant in connection with a particular incident, it makes it impossible to determine if the defendant or claim is properly joined.

accusations[14].  Nor is the Constitution violated by an inmate being housed in a strip cell with restrictions on privileges for days at a time.  Plaintiff's suggestion that a motion for transfer to another facility was denied by a federal district court in Missouri does not elevate these allegations to a constitutional violation, since an inmate has no right to transfer to a different facility.

**PLACEMENT IN SEGREGATION**

Plaintiff complains about his assignments to administrative segregation.  He alleges he was placed in segregation in early December, 2007, remained there to the present (August 5, 2008) except for four days in January, 2008, and "never received a write-up."[15]  These allegations, standing alone, do not present a federal constitutional violation.  An inmate's placement in segregation or administrative detention at various times is a classification matter that is purely within the discretion of prison officials, and not reviewable in federal court.  See Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994).  Plaintiff does not allege that his earned good time was forfeited.  Thus, he was not entitled to a "write-up" and hearing prior to his placements.  Segregation is not limited to instances of punishment, but may be imposed for administrative purposes.  Administrative detention implicates constitutional due

---

[14]    Even though plaintiff declares himself innocent of every incident of which he may have been accused, his own exhibits indicate he has been considered a management problem due to a poor attitude and was found guilty of misconduct more than once.  If plaintiff is alleging he was wrongfully charged and found guilty of misconduct, he must overturn the disciplinary decisions through administrative channels before he may seek relief on such claims in federal court.

[15]    Contrary to this statement, plaintiff's exhibits include three write-ups he received in June and July of 2008.

12

process only if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>McDiffett v. Stotts</u>, 902 F.Supp. 1419, 1426 (D.Kan. 1995), *quoting* <u>Sandin v. Conner</u>, 515 U.S. 472, 486 (1995); <u>Speed v. Stotts</u>, 941 F.Supp. 1051, 1055 (D.Kan. 1996), *citing* <u>Sandin</u>, 515 U.S. at 486.  Plaintiff has not sufficiently described such extreme conditions or restrictions, dates of duration, and adverse impacts to show they were atypical and significant deprivations warranting due process protections.  Moreover, plaintiff does not name a particular defendant as the person who actually ordered his segregation on a particular date and describe that person's wrongful acts.

## CONDITIONS OF CONFINEMENT

Plaintiff claims "defendants" have subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  At the end of his complaint, Mr. Johnson summarizes this claim as based upon overcrowding as well as the denial of sanitation, personal hygiene needs, warm food, exercise, quality air, and comfortable room temperature.  He also complains that he was denied writing materials.

As factual support for these Eighth Amendment claims, plaintiff alleges that while he was on "strip cell status," he received showers only every 3 to 5 days, and the temperature in the cell was "purposely freezing cold[16]."  He also alleges that he was forced to

---

[16]    Plaintiff alleges that an inmate in a strip cell is given only boxers to wear, and a mattress and blanket at night, and that strip cell status lasts for a minimum of 7 days.

live with three men in a two-man cell with one man sleeping on the floor near the toilet, and has been denied outside recreation for weeks or months at a time[17]. He adds that he was denied phone, mail, visitation, and commissary privileges at the orders of defendants Green, Daugherty, and Roberts. Plaintiff also alleges that he and other inmates were forced by defendants Fulton and Green to wear ripped, dingy clothes and underwear with holes and stains from feces and urine. In addition, he complains of the "CCA's warehouse failure" to provide weekly supplies of toiletries and cleaning products, and failure to launder bed linens[18].

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment only when two requirements are met. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, objectively, the deprivation alleged must be sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Id. Second, the official must have acted with a sufficiently culpable state of mind, namely deliberate indifference to inmate health or safety. Id. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. The Supreme Court has noted that conditions of confinement may be restrictive and even harsh,

---

[17]   Plaintiff fails to allege which defendant was directly responsible for the physical conditions in his strip cell, the dates he spent in the cell, or the harm he suffered as a result. His figures regarding recommended cell space per inmate do not establish that he was subjected to cruel and unusual punishment.

[18]   Plaintiff alleges "officers" collecting bed linen for laundering on two occasions refused to wash his bedding. He fails to name the officers who actually participated, or provide dates.

without constituting cruel and unusual punishment under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

While plaintiff has generally described harsh conditions and restrictions, he has not alleged facts showing deprivations so cruel and prolonged as to have posed a serious risk of danger to his life or health, with one exception to be discussed later. Without sufficient factual allegations in support, he fails to state a claim of violation of the Eighth Amendment. Nor does he describe actions by each particular defendant indicating their personal involvement in the denial of his privileges or the existence of alleged unconstitutional conditions or their knowledge and disregard of an excessive risk to plaintiff's health or safety.

Plaintiff's allegations that he was denied exercise outside his cell for weeks or months comes closer to presenting a federal constitutional claim, but is still deficient in that plaintiff does not describe acts of the defendant or defendants who actually denied him exercise. He also fails to provide dates or details.


**DENIAL OF ACCESS**

Plaintiff claims defendants Shute, Daugherty, Roberts, and Green violated his First Amendment right of access to the courts by stealing and reading his legal mail and restricting his telephone usage, which prevented him from calling his family for legal advice during his case. He also asserts defendants violated his right of access by theft of his legal papers, and interference with his attempts to file administrative grievances.

Again, plaintiff provides no dates or details with these claims, and alleges no facts personally linking the acts of any

defendant to a particular incident of theft, reading of legal mail, phone restrictions, or interference with a grievance.

Plaintiff also fails to allege a necessary element of a denial of access claim. An inmate asserting denial of access to the courts must satisfy the standing requirement of "actual injury" by showing that the alleged interference actually hindered his efforts to pursue a non-frivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 351-352 (1996); <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1403 (10th Cir. 1996). It is not enough to simply state that his legal materials were confiscated or lost. Plaintiff alleges no facts showing actual injury. Moreover, rather than having been denied access, Mr. Johnson has managed to file this lawsuit in federal court.

Plaintiff's complaints regarding restrictions on his phone usage[19], reading of his legal mail[20], return of incoming mail without notification to him[21], and lost or ignored grievances[22] also fail to include allegations showing actual injury to his pursuit of a non-frivolous legal claim. It follows that plaintiff has failed to

---

[19]    Moreover, plaintiff's allegations regarding restrictions on calling his family do not state a claim of denial of access since he was presumably represented by counsel in his criminal proceedings at the time.

[20]    Plaintiff does not allege that any named defendant was the person who read his legal mail. Nor does he provide dates or other details regarding any particular incident.

[21]    Plaintiff does not allege that any named defendant was the person who returned his incoming mail. Nor does he provide dates or other details regarding any particular incident.

[22]    While the court does not condone officials at the CCA either losing or ignoring inmate grievances, and would not dismiss a civil rights action for failure to exhaust in the face of these not-unfamiliar allegations, prison inmates have no federal constitutional right to a grievance procedure while incarcerated. <u>See</u> <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), <u>cert</u>. <u>denied</u>, 514 U.S. 1022 (1995); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991). The inmate's right to be heard is that of access to the courts, and plaintiff's right of access is not shown in this case to have been impeded by the CCA's failure or refusal to answer his grievances, even accepted as true.

state a claim of denial of access to the courts.

Plaintiff's complaints regarding phone restrictions and interference with his mail also fail to state a First Amendment freedom-of-communication claim. This is because Mr. Johnson does not allege that he had no alternative means of communicating with his family and others. He also fails to provide the dates these restrictions were in effect. Moreover, he does not refer to specific defendants and describe their personal acts with regard to these restrictions or interference. He vaguely alleges only that the restrictions resulted from an illegal order by "chiefs of CCA."

## DENIAL OF MEDICAL ATTENTION

Plaintiff also claims he has been denied medical treatment in violation of the Eighth Amendment. In support, he alleges that "during this time" he was "refused his medication" and was taken off "a medication he had been on for years" because the mental health doctor, Ms. Mcandalous, does not like this medicine for her patients. He claims he has been diagnosed with ADHD, bi-polar disorder, chemical imbalance, depression, and general anxiety disorder, and is now having trouble "functioning right" and does not feel normal. Plaintiff also alleges that while he was in a strip cell, he was denied a medical request slip, and that he suffered severe pain from the cold conditions and pins in his hip and leg. He further alleges that he has since written many medical requests, which disappear, and has received no medical attention.

Plaintiff's allegation that a doctor took him off medication he formerly was on does not present a constitutional violation. The

physician at the CCA may be presumed to have exercised medical judgment in ordering the discontinuation of a particular medication. Plaintiff's other claims of denial of medical attention are not supported by sufficient facts.  Plaintiff does not provide dates and symptoms presented in connection with his conclusory statements that he has made many requests for medical attention that were disregarded.  Moreover, Mr. Johnson does not name as defendants the doctor or other staff member who actually ignored or denied his medical requests, and does not describe the personal participation of any named defendant.  Furthermore, these claims do not appear to be related to plaintiff's claims regarding accusations and segregation.  Thus, they may not be properly joined in one action.

## VIOLATIONS OF FOURTH AMENDMENT

Plaintiff claims defendants Shute, Daugherty, Roberts, and Green violated his Fourth Amendment right to be free of unreasonable searches and seizures by stealing his legal materials and personal property on numerous occasions.  He alleges no facts whatsoever in support of this claim of illegal search and seizure.

Plaintiff also claims violation of this provision by alleging that defendants Lawrence, Richardson, Mundt, Daugherty, Roberts, and Green have "encouraged sexual discrimination" by "parading" male inmates in nothing but boxer shorts[23] and sandals before female guards and requiring them to shower and use the toilet in front of female guards.  Plaintiff does not provide dates or describe a particular incident or personal acts by any of the defendants in

---

[23]     The court is not convinced that inmates appearing before female guards in boxer shorts violates the inmate's right to privacy.

connection with these claims.  He does not even allege when and how often he personally has been required to shower or use the toilet in front of female guards.  While frequent viewing by female guards of male inmates using the shower or toilet may violate the male inmate's privacy, <u>Cumbey v. Meachum</u>, 684 F.2d 712 (10th Cir. 1982), plaintiff's failure to provide dates and describe incidents involving him and a named defendant are deficiencies he must address.  Moreover, this claim is not shown to be properly joined with all other claims against all other defendants.


**DEPRIVATION OF PERSONAL PROPERTY**

Plaintiff claims defendants Shute, Lawrence, Richardson, Mundt, Daugherty, Roberts, and Green have deprived him of life, liberty and property without due process of law, by stealing legal and personal materials from him.  He asserts that his constitutional rights under the Fifth Amendment have been violated by defendants Shute, Daughtery, Roberts, and Green who allegedly "ordered and carried out the thefts of (his) legal materials and personal property on numerous occasions."[24]  Plaintiff does not describe any particular stolen property.  Nor does he provide dates, or describe personal acts by each of the alleged participants or the circumstances of the alleged thefts.  Thus, plaintiff has not alleged sufficient facts in support of these claims.

Even if plaintiff alleged such facts, his allegations of property being stolen fail to state a federal due process violation.

---

[24]    In his motion, he alleges that "CCA employees" repeatedly stole legal materials during shakedowns and strip cell status.

See  Hudson v. Palmer, 468 U.S. 517, 532-34 (1984)("An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); see also Parratt v. Taylor, 451 U.S. 527, 540-42 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Whether negligent or intentional, deprivations of personal property effected through random and unauthorized conduct of a prison employee, which may be redressed through adequate post-deprivation remedies are imbued with the requisite due process.  An inmate in Kansas may sue for wrongful or negligent loss of personal property in state court.  Because this adequate post-deprivation remedy for property loss is available to Mr. Johnson, his allegations do not present a federal constitutional claim of deprivation of property without due process.  Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990).


**OTHER CLAIMS**

Plaintiff alleges that "this facility's officers" are very corrupt, and he is in fear for his life.  This claim is completely conclusory.  He provides no dates, refers to no particular defendant, and does not describe personal life-threatening acts by any defendant.  Plaintiff's allegations regarding other inmates or inmates in general, which include no indication that plaintiff has been directly and personally injured, are not sufficient to entitle him to relief.  Plaintiff's claim of retaliation is completely

conclusory, and as such, fails to state a claim.

## PLAINTIFF REQUIRED TO FILE AMENDED COMPLAINT

Plaintiff shall be given time to file an Amended Complaint herein in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court, and (3) alleges sufficient facts to show personal participation by each named defendant.  If he does not file an Amended Complaint that cures the deficiencies in his complaint discussed herein within the time allotted, this action may be dismissed without further notice.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a Motion for Preliminary Injunction (Doc. 5).  Having considered the motion, the court finds it should be denied.  To obtain a preliminary injunction in federal court, the movant has the burden of establishing that:

> (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992); Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).  A "preliminary injunction is an extraordinary remedy" and therefore "the right to relief must be clear and unequivocal."  Id.

The court has carefully reviewed the allegations and arguments

set forth in the complaint and the motion, and as discussed above, has found they generally lack adequate factual support and fail to state a cause of action under either 42 U.S.C. § 1983 or 28 U.S.C. § 1331.  It follows that there is not a substantial likelihood of success on the merits.  Plaintiff also alleges no facts indicating a likelihood of irreparable injury.  The court further finds that plaintiff's claims in his motion and memorandum in support are mainly repetitions of the claims and relief he has requested in his complaint.[25]  In any event, the statements or claims in the motion, like his request for an injunction "to prevent any further retaliation,"[26] are completely devoid of factual support, and do not entitle him to extraordinary preliminary relief.

## OTHER MOTIONS

Plaintiff has filed a motion seeking appointment of counsel (Doc. 3) named therein to represent him in this action.  He has also filed a "Motion for Court Order to Serve Paper Work" (Doc. 4), in which he requests that the court order the clerk to copy all materials submitted by him in this case[27] and order the U.S. Marshals to serve them upon defendants[28].  Having considered these motions,

---

[25]   Plaintiff has not properly added any claims to his complaint by raising them in this motion.  Claims may be added only by amending the complaint.

[26]   An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.  Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998); Frazier v. DuBois, 922 F.2d 560, 562 FN1 (10th Cir. 1990).  He must prove that "but for" the retaliatory motive, the incidents of which he complains would not have taken place.

[27]   Plaintiff must send all materials he intends to be filed in this action to the courthouse in Topeka, Kansas.

[28]   Once a civil rights action brought in forma pauperis survives screening, this court automatically orders service of summons by U.S. Marshals.

the court finds they should be denied because that plaintiff is not entitled to representation of counsel in this civil rights action, appears capable of alleging facts, and the action does not appear likely to survive screening[29].

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to submit a certified copy of his inmate account showing all transactions in the six-month period immediately preceding the filing of this complaint or to pay the full filing fee of $350.00.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file an Amended Complaint curing the deficiencies in his complaint as discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3), "Motion for Court Order to Serve Paper Work" (Doc. 4), and Motion for Preliminary Injunction (Doc. 5) are denied.

The Clerk is directed to transmit to plaintiff forms for filing a complaint under 28 U.S.C. § 1331.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2008, at Topeka, Kansas.




                                    s/Sam A. Crow
                                    U. S. Senior District Judge


---

[29]     Plaintiff may file new motions for counsel or for injunctive relief with facts in support, if this action survives screening.